# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DONNA HARRIS,

    Plaintiff,

vs.

CLIPS AND MORE, et al.,

    Defendants.

Case No. 2:11-cv-01107-JCM-PAL

**ORDER**

(IFP App - Dkt. #1)

This matter is before the court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1). Plaintiff is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1). This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). Plaintiff has not named a state actor in her Complaint.

Instead, she is attempting to state claims under Title VII and the Equal Pay Act as well as for violations of NRS 613.330 and 613.2102. When Plaintiff was hired by Defendant Clips & More, she was hired to work twenty-five hours per week and was told by Defendant Reyna James that more hours would become available. Subsequently, Clips & More hired another non-black employee, and the only other black employee quit or was discharged. Plaintiff contends the non-black employee was given additional hours, and Plaintiff's scheduled hours were decreased. When Plaintiff inquired about the disparate treatment, Defendant James told her it was because the newly hired employee had worked at Clips & More previously and had seniority.

1    Plaintiff alleges that beginning in October 2010, she was subjected to different terms and
2  conditions by Defendants because she is black.  Specifically, Defendant Evelyn Castro, the owner of
3  Defendant Clips & More who is Hispanic, asked Plaintiff not to do relaxer chemical services for fear of
4  a lawsuit if Plaintiff performed the service incorrectly.  Plaintiff asserts she is licensed to perform these
5  services and notes they are mainly performed on black clients.  Plaintiff was permitted to perform other
6  chemical services, such as perms and coloring on non-black clients.  Defendant James–a manager at
7  Clips & More who is Hawaiian–told Plaintiff to wear a additional clothing other non-black employees
8  were not required to wear because Defendant James told Plaintiff her buttocks were too large.  Plaintiff
9  was also asked to store her equipment away from her work station.  Non-black employees were not
10 required to do so.  Plaintiff moved her equipment back to her work station, and Defendant James told
11 Plaintiff, "Wait [until] you see what I do next," and Plaintiff's hours were decreased to between six and
12 eleven hours per week.  The other non-black employees were given additional hours to cover the shifts.
13   On April 4, 2011, Plaintiff requested two days off work to travel with her elderly aunt to
14 Chicago to attend a family funeral.  On April 5, 2011, Defendant Castro told Plaintiff to either work her
15 shift, or Defendant Castro would hire someone to replace her.  On April 6, 2011, Plaintiff told
16 Defendant Castro that she was not quitting, but that she was traveling to Chicago with her aunt.
17 Plaintiff alleges Defendant Castro hung up on her, and a half hour later, Defendant James called her to
18 tell she was terminated and could come in to pick up her last paycheck.  Plaintiff alleges that on April 4,
19 2011, she filed a discrimination/hostile work environment charge with the United States Equal
20 Employment Opportunity Commission ("EEOC"), and the EEOC issued her a right to sue letter on
21 April 8, 2011.  On May 11 and 19, 2011, Plaintiff wrote to her former employer requesting a copy of
22 her personnel file.  Plaintiff believes Defendant Castro filed a complaint against Plaintiff with the
23 Nevada State Board of Cosmetology in retaliation for Plaintiff's filing a charge with the EEOC and for
24 requesting her employment file.
25   Based upon these allegations, it appears Plaintiff is attempting to state a claim for discrimination
26 and retaliation under Title VII of the Civil Rights Act.  *See* 42 U.S.C. § 2000e *et seq*.  Title VII allows
27 persons to sue an employer for discrimination on the basis of race, color, religion, gender or national
28 origin if he or she has exhausted both state and Equal Employment Opportunity Commission (EEOC)

administrative procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id*. If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right to sue letter, plaintiff may sue in federal or state court. *Id*.; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Here, Plaintiff has attached a right to sue letter from the EEOC. Thus, it appears Plaintiff has exhausted her administrative remedies.

To state a *prima facie* case of retaliation in violation of Title VII, Plaintiff must establish: (1) that she committed a protected act, such as complaining about discriminatory practices; (2) that she suffered some sort of adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94, (9th Cir. 2008). Under Title VII, where an employee opposes an unlawful practice, he or she has engaged in a protected activity. *See* 42 U.S.C. § 2000e-3(e). Here, Plaintiff alleges she was terminated after she filed a discrimination charge with the EEOC. She has, therefore, stated a retaliation claim against Clips & More.

In order to prove a *prima facie* case of discrimination in violation of Title VII, Plaintiff must establish: (a) she belonged to a protected class; (b) she was qualified for her job; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (*citing Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Here, Plaintiff has alleged that because she is black, she was treated differently than her co-workers and eventually terminated. The court finds that Plaintiff has stated a claim for discrimination under Title VII. Similarly, Plaintiff has also stated a claim under NRS 613.330, as amended. Under that section, it is illegal to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of his or her race, color, religion, sex, sexual orientation, age, disability or national origin. For

///

the same reasons Plaintiff stated a Title VII discrimination claim, she has stated a claim against Defendant Clips & More for violation of NRS 613.330.

It also appears that Plaintiff is attempting to state a claim for hostile work environment under Title VII. In order to prove a *primia facie* case of a hostile work environment in violation of Title VII, Plaintiff must show: (a) that she was subjected to verbal or physical conduct; (b) that this conduct was unwelcome; and (c) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003) (*citing Kang v. Lim Am., Inc.,* 296 F.3d 810, 817 (9th Cir. 2002). Here, Plaintiff has alleged she was subjected to harassing comments and behaviors by Defendants Castro and James, altering her working conditions and creating a hostile environment. Thus, the court finds that Plaintiff has stated a claim for hostile work environment claim under Title VII.

However, in *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993), the Ninth Circuit made clear that "individual defendants cannot be held liable for damages under Title VII is good law." *Id.* at 587. Accordingly, Plaintiff's Title VII claims against the individual Defendants Castro and James will be dismissed.

Additionally, Plaintiff's claim under the Equal Pay Act must also be dismissed. The Equal Pay Act, 29 U.S.C. § 206(d), provides that employers must pay men and women equal rates for equal work. Plaintiff has not alleged she was paid less than her male co-workers for the same work. Accordingly, she has not stated a claim under the Equal Pay Act against Defendant Clips & More, and this claim will be dismissed with leave to amend.

Lastly, Plaintiff has not stated a claim under NRS 613.210, which provides that an employer shall not blacklist or publish the name of any employee discharged by that employer with the intent of preventing the employee from engaging in or securing similar or other employment from another person. *Id.* In other words, employers may not willfully interfere with a former employee's effort to obtain employment elsewhere in the state. Although Plaintiff alleges that she believes Evelyn Castro filed a complaint with the Nevada State Board of Cosmetology, she has not alleged that Defendant Clips & More willfully interfered with her efforts to obtain new employment in the cosmetology industry in Nevada. Therefore, this claim will be dismissed with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint and shall issue Summons to Defendant Clips & More, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

4. From this point forward, Plaintiff shall serve upon Defendant Clips & More, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading

---

motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

5, Plaintiff's claims against Defendants Castro and James are DISMISSED.

6. Plaintiff's claim under the Equal Pay Act is DISMISSED.

7. Plaintiff's claim under NRS 613.210 is DISMISSED.

8. Plaintiff shall have until **December 23, 2011,** to file her amended complaint, if she believes she can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

9. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:11-cv-01107-JCM-PAL**, above the words "FIRST AMENDED" in the space for "Case No."

Dated this 23rd day of November, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE